# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

STRATHCLYDE PENSION FUND,
Lead Plaintiff                                                              PLAINTIFF

v.                              No. 4:18-cv-793-DPM

BANK OZK and
GEORGE GLEASON                                                          DEFENDANTS

## ORDER

The Court regrets its tardiness in addressing the motion for permission to take an interlocutory appeal on *scientier* and the parties' Rule 26(f) report. Other business has pressed.

The motion, *Doc. 54*, is denied. Interlocutory appeals under 28 U.S.C. § 1292(b) are disfavored. *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994). The Bank OZK/Gleason motion reargues one of the main issues contested with vigor and in detail on the motion to dismiss. The adequacy of Strathclyde's pleading of Gleason's (and thus the Bank's) *scienter* is a controlling question of law. The statute's first criterion is therefore satisfied. The defendants understandably disagree with this Court's application of *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–26 (2007), and the binding Court of Appeals' precedent following it, to the constellation of facts presented. The Court did its best to explain its thinking in its April Order. *Doc. 50*.

After reconsideration, the Court stands by its decision. The Court is not persuaded that the defendants' new out-of-circuit authority makes a strong case for differing opinions here. All the circumstances of the Galleria loan, and Gleason's unique role, provide the necessary compelling inference. This is not a legal question where the authorities sharply divide and the Court of Appeals for the Eighth Circuit has not spoken. The always-present possibility that this Court has made a mistake is not enough. No substantial ground for a difference of opinion, within the meaning of § 1292(b), exists on the Court's application of settled law to this record. *Union County, Iowa v. Piper Jaffray & Co., Inc.*, 525 F.3d 643, 647 (8th Cir. 2008). Last, the Court is not convinced that interlocutory review would materially advance the end of this case. Given that the Eighth Circuit grants § 1292 petitions sparingly, the only certainty is that Bank OZK and Gleason offer a second front in a case that's plenty complicated already.

The Court appreciates the parties' Rule 26(f) report. The Court will issue a Final Scheduling Order that provides some more time for discovery and sets trial for April 2022. The deadline for proposed amended pleadings will be in the middle of the discovery period. This case is getting mossy and we must press forward. Some particulars. Agreed ESI protocol and proposed protective order due by 31 August 2020. The defendants mention surreplies. The Court does not allow them absent truly extraordinary circumstances. The Court sets the

following page limits for briefing: opening briefs (20 pages); responding briefs (20 pages); and reply briefs (10 pages). The limit of ten non-expert depositions applies. The Court is scheduling five days for trial.

    So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

6 August 2020