IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

STRATHCLYDE PENSION FUND,
Lead Plaintiff                                                                               PLAINTIFF

v.                                       No. 4:18-cv-793-DPM

BANK OZK and
GEORGE GLEASON                                                                      DEFENDANTS

ORDER

By way of another amended complaint, Strathclyde seeks to revive its claims about the North Carolina loan. Bank OZK and Gleason move to dismiss. They oppose the revived claims and renew their arguments against the South Carolina loan claims. The governing law and most of the material facts are canvassed in the Court's comprehensive Order about the adequacy of Strathclyde's last complaint. *Doc. 50.* All this need not be repeated.

The Bank defendants' motion to dismiss is partly denied and partly granted. For the reasons previously given, the Court confirms these prior rulings: the case goes forward on the South Carolina loan; and the puffery is not actionable. Strathclyde has pleaded many new facts about the failed North Carolina real estate development and the loan's long history. Almost all of this, though, predates the claim period. It adds a bit in the scale on Gleason's scienter, but not much.

*In re Ceridian Corp. Securities Litigation*, 542 F.3d 240, 247–48 (8th Cir. 2008). Together with the new allegations about the claim period, *Doc. 72 ¶¶ 121-28*, the whole does not provide the strong inference of wrong mindedness required by precedent. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323–24, 127 S. Ct. 2499, 2510 (2007); *In re Target Corp. Securities Litigation*, 955 F.3d 738, 742 (8th Cir. 2020). This project's early history was troubled. There were ups and downs over time, with failure eventually. Thomas's departure remains unexplained. Yes, lot sales were slow. But a lender looks at many things in evaluating a loan's soundness. Unlike with the loan on the mall in South Carolina, no strong inference emerges that Gleason knew the North Carolina loan would likely not be repaid and thus was severely reckless in not alerting shareholders. *Podraza v. Whiting*, 790 F.3d 828, 837–38 (8th Cir. 2015).

\* \* \*

Motion to dismiss, *Doc. 75*, partly denied and partly granted. (The Court reminds the parties of the page limits for briefs, *Doc. 60 at 3*, and notes that larger type is easier on older eyes.) Motion to lift the discovery stay, *Doc. 77*, denied as moot.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

29 January 2021