UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| STRATHCLYDE PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 4:18-cv-00793-DPM |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | STIPULATED PROTECTIVE ORDER |
| | ) | |
| vs. | ) ) | |
| BANK OZK, et al., | ) ) | |
| Defendants. | ) ) | |
| | ) | |

## I.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order authorizes sealed filings only for the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The CM/ECF Administrative Policies and Procedures Manual for Civil Filings adopted by the United States District Court for the Eastern District of Arkansas, §IV(B), as modified by §XII, below, governs the procedures for filing confidential, proprietary or private information.

## II.    DEFINITIONS

1.      Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

2.      "Confidential" Information: information that constitutes, contains, describes and/or reflects information relating to past, current or planned products, services, business operations, individualized employee information, policies, procedures, and performance and financial data, including, but not limited to, trade secrets, processes, operations, know-how or apparatus, development or other operational or technical information, or other information understood to be confidential pursuant to Fed. R. Civ. P. 26(c).

3.      Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

4.      Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

5.      Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

6.      In-House Counsel: attorneys who are employees of a Party.  In-House Counsel does not include Outside Counsel.

7.      Litigation: The above-captioned matter (*see also* §IV, "DURATION'').

8.      Non-Party: any natural person, partnership, corporation, association, or other legal entity that is not a Party.

9.      Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

10.      Party: any party to this action, including all of any entity party's current officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

11.      Producing Party: a Party or Non-Party that produces Discovery Material in this action.

12.      Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or

demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

13.    Protected    Material:    any    Discovery    Material    designated    as "CONFIDENTIAL."

14.    Receiving Party: a Party that receives Discovery Material from a Producing Party.

## III.    SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material and Discovery Material, but also: (1) any information copied or extracted from Protected or Discovery Material; (2) all copies, excerpts, summaries, or compilations of Protected or Discovery Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected or Discovery Material. However, the protections conferred by this Stipulated Protective Order do not cover any information known to the Receiving Party through lawful means prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Unless otherwise permitted by court order, Discovery Material shall be used by the non-producing party only for the purposes of this action or related proceedings (including appeals), provided, however, that the provisions of this Order do not apply to any publicly available information, including Discovery Material that is filed on the Court's public docket in this action.

Any use of Protected Material at trial shall be governed by a separate agreement or order.

## IV.   DURATION

After final disposition of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect for one year.  Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action with prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## V.   DESIGNATING PROTECTED MATERIAL

1.   Designating Material for Protection.  The designation of Discovery Material as "CONFIDENTIAL" shall constitute a representation that such Discovery Material has been reviewed by an attorney representing the Party making the designation, and that there is a good faith basis for such designation.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

2.   Manner and Timing of Designations.  Except as otherwise provided in this Stipulated Protective Order or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   in the case of: (i) documents, exhibits, briefs, memoranda, interrogatories, or other materials (apart from depositions or other pretrial testimony), by affixing the legend "CONFIDENTIAL" to each page containing any Confidential

- 4 -

Discovery Material; or (ii) in the event that a Party is required to produce electronically stored information in native format, by including "CONFIDENTIAL" in the file or directory name of any file, including audio or video files, containing the Confidential Discovery Material.  In the event that documents required to be produced in native format are printed, the party printing such document shall affix the "CONFIDENTIAL" designation and Bates stamp to each printed page;

(b)     in the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, during the course of such deposition testimony, identifying specific portions of such testimony that shall be treated as "CONFIDENTIAL"; or (ii) by written notice, sent to counsel of record for all parties within ten business days receiving a copy of the transcript, identifying specific portions of such testimony that shall be treated as "CONFIDENTIAL."  In both of the foregoing instances, counsel for the Designating Party shall direct the court reporter that the legend "CONFIDENTIAL" be affixed to the first page and all portions of the original and all copies of the transcript containing any "CONFIDENTIAL" Discovery Material.  If the majority of a transcript would be designated CONFIDENTIAL, the transcript may be designated CONFIDENTIAL in its entirety.  Until the ten-day period identified above expires, the entirety of such transcripts shall be treated as "CONFIDENTIAL," after which time only such portions of the transcript as have been designated as set forth above shall be deemed "CONFIDENTIAL." The parties may modify this procedure for any particular deposition through agreement at such deposition without further order of the Court; and

(c)     in the case of any other Discovery Material, by written notice that the Discovery Material constitutes "CONFIDENTIAL" Discovery Material.

3.      Inadvertent Failures to Designate.   An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. If a Designating Party learns that it has inadvertently failed to designate Discovery Material as "CONFIDENTIAL," it shall promptly advise the Receiving Party of the proper designation and provide a replacement copy of the material with the correct designation.   Upon receiving notice of any such inadvertent failure to designate, the Receiving Party must make reasonable efforts to assure that the Protected Material is treated in accordance with the provisions of this Order.

## VI.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

1.      Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.   Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

2.      Meet and Confer.  The Challenging Party shall initiate the challenge process by providing written notice of each designation it is challenging and describing the basis for each challenge.   To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order.   The parties shall attempt to resolve each challenge in good faith within seven business days of the date of service of

notice.  The Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

3.     Judicial Intervention.  If an impasse is reached after the Challenging Party has considered the justification offered by the Designating Party, and the Challenging Party elects to press a challenge to a confidentiality designation, the parties will file a "Joint Report of Discovery Dispute," consistent with the procedures outlined in the Initial Scheduling Order-Class Action (ECF No. 51) ("ISO").  The burden of establishing the reasonableness and necessity of the confidentiality designation shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to treat the material in question as Protected Material subject to the terms of this Order.

## VII.   ACCESS TO AND USE OF DISCOVERY AND PROTECTED MATERIAL

1.     Basic Principles.  A Receiving Party may use Discovery Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Where that Discovery Material is also Protected Material as defined by this Order, it may be disclosed by a Receiving Party only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of this Section and §XIV below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  To the extent that any Receiving Party or Counsel for the Receiving Party creates, develops, or otherwise establishes or maintains for review on any electronic system any Protected Material, that Party and/or its Counsel must take all necessary steps to ensure that access to such media is properly restricted to those persons who, by the terms of this Order, may have access to "CONFIDENTIAL" Protected Material.

Notwithstanding the foregoing, nothing in this Order shall be deemed to limit or restrict any Producing Party from using its own documents or its own "CONFIDENTIAL" Discovery Material for any purpose.  The Producing Party may withdraw or modify any designation at any time.

2.     Disclosure of Protected Material.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), *provided, however*, that: (i)

Discovery Material designated as "CONFIDENTIAL" may not be used by any Expert who is currently assisting or advising (or contemplating assisting or advising) in any way in any litigation matter (other than the Litigation) that is adverse to any party in the Litigation unless the same information is available to the expert in the other adverse litigation matter; (ii) such Expert is not currently or contemplating advising any direct business competitor of, or actual party to any transaction or business relationship with, the Producing Party; and (iii) such Expert will use said Protected Material solely in connection with the Litigation, and only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the Litigation.    Any such persons receiving Discovery Material designated "CONFIDENTIAL" shall first agree to abide by the terms and conditions of this Stipulation and Order, and shall so evidence such undertaking by signing the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A;

(d)      the Court, court reporters, and their staffs and personnel;

(e)      professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)      during their depositions, witnesses in this Litigation who have been provided with a copy of this Order and have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), under which circumstances the Parties agree that any testimony about such Protective Material will be treated as "CONFIDENTIAL"; however in the event

that a witness, during his or her deposition, refuses to sign the "Acknowledgment and Agreement to Be Bound":

(i)     The Parties will take a break from the deposition (which shall not count towards the time allotted for the deposition) to meet and confer regarding the Protected Material that the Receiving Party seeks to disclose to the deponent, after which the Producing Party may, at its sole discretion, agree that the Protected Material may be shown to the deponent notwithstanding the deponent's refusal to abide by the terms of the Stipulated Protective Order.   Such agreement will not constitute a waiver of the "CONFIDENTIAL" designation, will not constitute a concession that such Protected Material is not "CONFIDENTIAL" will not constitute a broader withdrawal of the "CONFIDENTIAL" designation, and shall be without prejudice to the Producing Party to seek any remedies available to it for the deponent's subsequent disclosure of the Protected Material in contravention of the terms of this Order;

(ii)    If the Parties are unable to reach agreement as set forth in above, the Receiving Party may elect to: (A) continue the deposition without disclosing any Protected Material to the deponent; or (B) seek guidance (during the deposition) from the Court in which compliance with the deposition subpoena is required (the "Enforcing Court"), regarding the need to disclose the Protected Material to the deponent.  If the Receiving Party elects the second option, the Parties agree to act in good faith in seeking a mutually agreeable remedy from the Enforcing Court that will ensure the continued treatment of the Protected Material as "CONFIDENTIAL."  During that proceeding, the burden will be on the Designating Party to establish the reasonableness of the designation.

Nothing in this Protective Order shall be construed as limiting the Enforcing Court's discretion to fashion whatever remedy it deems appropriate under the circumstances;

(g)     any author or anyone listed as a recipient of a document disclosed, summarized, or otherwise communicated, who is not otherwise covered by this Section, but Protected Material shall not remain with any such individual unless s/he has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)     other witnesses in this Litigation to whom disclosure is reasonably necessary to prosecute, defend, or settle the Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(i)     Any employee of, or attorney for any insurer or the Receiving Party whose input is reasonably necessary to prosecute, defend, or settle the Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

3.     Maintenance of Acknowledgements.

As set forth above in §VII.2, any persons receiving Protected Material (except those persons identified above, in §VII.2, subparagraphs a, b and d) shall first agree to abide by the terms of this Stipulated Protective Order, and shall so evidence such undertaking by signing the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A. Copies of these signed Acknowledgements shall be maintained by Counsel for the Receiving Party that seeks to disclose such Protected Material.  Such Acknowledgements shall not be disclosed to Counsel for the Producing Party except upon agreement of the parties, or Court Order (including, upon a motion to review such Acknowledgements made by the Producing Party).

## VIII.  PROTECTED MATERIAL SOUGHT IN OTHER LITIGATION OR PROCEEDING

If a Party is served with a subpoena or a court order issued in another litigation or proceeding that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" by another Party, the Party served with a subpoena or a court order must:

1.     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

2.     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

3.     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, moves to quash the subpoena or takes some other step to avoid the disclosure, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission in writing.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

- 12 -

IX.    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

1.    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this Litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

2.    Upon receipt of a production from a Non-Party, as soon as practicable, but in no circumstances more than three business days from receipt of such production, the Receiving Party shall provide a copy of that production to the other Parties in this Litigation. If a deposition, briefing deadline, or other relevant event is scheduled to take place within a week of the receipt of a production from a Non-Party, the Receiving Party shall immediately notify the other Parties to this Litigation of its production and of when and how it will be provided.

X.    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XI.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The production of documents protected by the attorney-client privilege, attorney work product, or other privilege or protection shall not constitute a waiver of any such privilege, work product, or other protection in this Litigation or in any other federal or state proceeding unless the producing party intended to waive the privilege or protection. *See* Fed. R. Evid. 502(d).  If a Producing Party learns that it has produced Discovery Material that is protected by the attorney-client privilege, attorney work product doctrine, or another privilege or protection, it shall promptly advise each Receiving Party of the production. When a Producing Party gives notice to Receiving Parties that certain produced Discovery Material is subject to a claim of privilege or other protection, the obligations of the Parties shall be governed by Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B).  The Producing Party need make no showing whatsoever regarding the steps taken to try to prevent the production of privilege materials before being entitled to the return of the documents.

If the Receiving Party (not having received such notice that the Discovery Material is subject to a claim of attorney client privilege or work product protection, as specified in the paragraph above) uses as an exhibit the Discovery Material in either (1) a court filing or other submission to the court, (2) a mediation statement, (3) a deposition, or (4) an expert report, then the Producing Party has until 45 days before the opening motions for summary judgment are due in which to assert that the attorney–client privilege or work product protection should have applied to the Discovery Material.  After such time, the producing party must meet the requirements Federal Rule of Evidence 502(b) in order to protect the

- 14 -

privilege.    For any Discovery Material used for the first time in the summary judgment motions, where the Receiving Party had no notice that the Discovery Material was subject to a claim of attorney-client privilege or work product protection, then the Producing Party *DPMf* has 45 days from the filing of the reply brief in support of summary judgment to assert that the attorney-client privilege or work product protection should have applied to the Discovery Material.   Thereafter, the producing party must meet the requirements of Federal Rule of Evidence 502(b) in order to protect the privilege.

## XII.   FILING PROTECTED MATERIAL

Information designated as "Confidential" must not be filed on the public docket.  If practicable, it should be redacted.   Fed. R. Civ. P. 5.2.   If an entire page contains information designated as "Confidential," substituting a page marked "Redacted" is an acceptable redaction method.   If redaction is impracticable, a party must move for permission to file any information designated as "Confidential" and a related motion, brief, or paper, containing that material under seal.   The moving party must justify sealing with specific and solid reasons, including an explanation about why redaction cannot be done.

## XIII.  RIGHT TO FURTHER RELIEF

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

## XIV.  FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in §IV, ***and upon written request by the Producing Party***, each Receiving Party must return all Discovery Material to Counsel for the Producing Party or, in lieu thereof, the Receiving Party shall certify in writing that it has been destroyed.  Counsel shall be entitled to retain pleadings

and the exhibits thereto, affidavits, motions, briefs, or other papers filed with the Court, even if they contain Protected Material, so long as they are clearly marked to reflect that they contain information subject to this Order.

## XV.   PRESERVATION OF RIGHTS AND PRIVILEGES

Nothing contained in this Order shall affect the right, if any, of any party or witness to make any type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition.  Nor shall this Order be construed as a waiver by any party of any right to withhold any "CONFIDENTIAL" Discovery Material as attorney work product or based on a legally cognizable privilege, or of any right which any party may have to assert such privilege at any stage of this Litigation.

Nothing contained in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on "CONFIDENTIAL" Discovery Material; provided, that in rendering such advice and otherwise communicating with such client, counsel shall not make any disclosure of the specific substance of the Discovery Material so designated except as otherwise allowed in this Order.

## XVI.  NO ADMISSION

A Party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  September 17, 2020

JONAH H. GOLDSTEIN
California Bar No. 193777
Attorney for Lead Plaintiff Strathclyde
Pension Fund
ROBBINS GELLER RUDMAN
  & DOWD LLP
MARK SOLOMON
CARISSA J. DOLAN
ANDREW W. HUTTON
ASHLEY M. PRICE
HEATHER G. SCHLESIER
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
E-mail:  jonahg@rgrdlaw.com
         msolomon@rgrdlaw.com
         cdolan@rgrdlaw.com
         dhutton@rgrdlaw.com
         aprice@rgrdlaw.com
         hschlesier@rgrdlaw.com

Lead Counsel for Lead Plaintiff
Strathclyde Pension Fund

ALLEN CARNEY
Arkansas Bar No. 94122
Attorney for Lead Plaintiff Strathclyde
Pension Fund
CARNEY BATES & PULLIAM, PLLC
519 West 7th Street
Little Rock, AR  72201
Telephone:  501-312-8500
501/312-8505 (fax)
E-mail:  acarney@cbplaw.com

Local Counsel

DATED:  September 17, 2020

KUTAK ROCK LLP
JESS ASKEW III
Arkansas Bar No. 86005
ANDREW KING
Arkansas Bar No. 2007176
ROBIN E. STEWART
124 W. Capitol Avenue, Suite 2000
Little Rock, AR  72201
Telephone:  501/975-3000
Email: jess.askew@kutakrock.com
        andrew.king@kutakrock.com
        robin.stewart@kutakrock.com


GIBSON, DUNN & CRUTCHER LLP
F. JOSEPH WARIN (*pro hac vice*)
JASON J. MENDRO (*pro hac vice*)
LISSA M. PERCOPO
1050 Connecticut Avenue, N.W.
Washington, DC  20036
Telephone:  202/955-8500
Email: fwarin@gibsondunn.com
        jmendro@gibsondunn.com
        lpercopo@gibsondunn.com

Attorneys for Defendants

\*       \*       \*

# O R D E R

IT IS SO ORDERED.

DATED:  ___9 February 2021___        ___DPMarshall J.___

THE HONORABLE D.P. MARSHALL JR.
UNITED STATES DISTRICT JUDGE

- 18 -

# EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| STRATHCLYDE PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 4:18-cv-00793-DPM |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) ) | **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND** |
| vs. | ) ) | |
| BANK OZK, et al., | ) ) | |
| Defendants. | ) ) | |

I have read the Stipulated Protective Order in the above-captioned action. I understand its terms and agree to be fully bound by them, and I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Arkansas for purposes of enforcement of the Stipulated Protective Order. I further agree not to disclose any Discovery Material, including Confidential Material, as those terms are defined in the Stipulated Protective Order, except as permitted by the Stipulated Protective Order.

_____

Signature

_____

Date