IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

STRATHCLYDE PENSION FUND,
Individually and on Behalf of All Others
Similarly Situated                                                    PLAINTIFFS

v.                            No. 4:18-cv-793-DPM

BANK OZK, and GEORGE GLEASON                         DEFENDANTS

## ORDER

1. This case is appropriate for class resolution. FED. R. CIV. P. 23(a) & (b)(3). Strathclyde's proposed class meets all of Rule 23(a)'s requirements: numerosity, commonality, typically, and adequacy of representation. This is a Rule 23(b)(3) group: questions of law common to class members predominate over questions limited to individuals; and a class is superior to other methods—in terms of fairness and efficiency—for adjudicating the controversy. The Court therefore certifies the following class under FED. R. CIV. P. 23(b)(3):

> All persons who purchased or otherwise acquired the common stock of Bank OZK between 19 February 2016 and 18 October 2018, inclusive. Excluded from the class are: (i) defendant Bank OZK, its parents, subsidiaries, and any other entity owned or controlled by Bank OZK; (ii) defendant George Gleason; (iii) all other executive officers and directors of Bank OZK, or any of its parents, subsidiaries, or other entities owned or controlled by Bank OZK; (iv) all immediate family members of the foregoing

individuals, including grandparents, parents, spouses, siblings, children, grandchildren, and step relations of similar degree; and (v) all predecessors and successors in interest or assigns of any of the foregoing.

**2.** Here is the Court's thinking about what the preponderance of the evidence shows on Rule 23's applicable elements.

This class is sufficiently numerous that joinder of all members is impracticable. FED. R. CIV. P. 23(a)(1). Bank OZK common stock is traded on the NASDAQ with more than 128 million shares outstanding. *Doc. 99–1.* During the class period, more than 1 million shares changed hands each trading day; and more than 400 institutional investors owned at least 75% of the Bank OZK's common stock. *Doc. 99–1.* Therefore, the class is large enough to make joinder of all those affected impracticable.

Commonality exists. The class claims present common questions about Bank OZK's alleged scheme to defraud, questions that can be resolved using common evidence in one go. FED. R. CIV. P. 23(a)(2); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011).

Strathclyde's claims are typical of the class members. FED. R. CIV. P. 23(a)(3); *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1174–75 (8th Cir. 1995). It shares the same interests with the rest of the class members. This pension fund, moreover, will fairly and adequately protect the class's interests using its experience as a fiduciary and directing its capable and experienced lawyers. FED. R. CIV. P. 23(a)(4).

Strathclyde's actions in the case to date establish its representative adequacy.

Finally, a class action is the best way to manage this case fairly and efficiently to resolution. *See* FED. R. CIV. P. 23(b)(3). Common questions of law and fact predominate among class members. For Rule 23 purposes, Strathclyde has made a sufficient showing on each element of the § 10(b) claim. And individual actions could be cost prohibitive because individual damages might be too small to make pursuing the litigation worthwhile. The complexity of these securities claims could also deter shareholders from bringing individual claims. The Court isn't aware of any other similar pending cases initiated by class members; this district is a practical forum for the parties; and the Court can manage the remaining claims, which are limited.

3. The Court appoints lead plaintiff Strathclyde Pension Fund as class representative. Having considered the applicable Rule 23(g) factors, the Court appoints Robbins, Geller, Rudman & Dowd LLP as class counsel and Carney, Bates & Pullman, PLLC as liaison counsel.

\* \* \*

Strathclyde's unopposed motion for class certification, *Doc. 97*, is granted. The parties' helpfully concise status report, *Doc. 118*, implies that no discovery disputes currently exist. Follow the Court's procedures, *Doc. 92 at 3–4*, if a dispute needs the Court's attention.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

30 December 2021

-4-