UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| STRATHCLYDE PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 4:18-cv-00793-DPM |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | STIPULATION OF SETTLEMENT |
| | ) | |
| vs. | ) ) | |
| BANK OZK, et al., | ) ) | |
| Defendants. | ) ) | |
| | ) | |

This Stipulation of Settlement, dated May 23, 2022 (the "Stipulation"), is made and entered into by and between: (i) Lead Plaintiff Strathclyde Pension Fund, on behalf of itself and each Class Member,[1] by and through its counsel of record in the Litigation; and (ii) Defendants Bank OZK ("OZK") and George Gleason ("Defendants"), by and through their counsel of record in the Litigation (the "Settling Parties"). The Stipulation is intended to fully, finally, and forever resolve, discharge, release, settle, and dismiss with prejudice the Litigation and the Released Claims, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.    THE LITIGATION

On October 26, 2018, a Class Action Complaint for Violations of the Federal Securities Laws was filed in the above-captioned action against Defendants Bank OZK, George Gleason, and Gregory McKinney (the "Litigation"). ECF 1.

On January 10, 2019, the Court appointed Strathclyde Pension Fund as Lead Plaintiff and approved Robbins Geller Rudman & Dowd LLP as Lead Counsel. ECF 19.

On June 21, 2019, Lead Plaintiff filed an amended complaint (the "Amended Complaint"). ECF 35. The Amended Complaint alleged violation of §10(b) of the

---

[1]    All capitalized terms not otherwise defined shall have the meanings ascribed to them in §IV.1 herein.

Securities Exchange Act of 1934 and Rule 10b-5 against all defendants and §20(a) of the Securities Exchange Act of 1934 against the individual defendants.

Among other things, Lead Plaintiff alleged in the Amended Complaint that Defendants made materially false and misleading statements and omissions in OZK's public filings and on public conference calls with financial analysts concerning OZK's asset and credit quality. Lead Plaintiff alleged that while OZK reported credit metrics and related ratios that demonstrated the "pristine" credit quality of its loan portfolio, Defendants concealed two nonperforming commercial real estate loans, identified as the "South Carolina Loan" and the "North Carolina Loan." The Amended Complaint further alleged that as a result of Defendants' misrepresentations, the price of OZK common stock was artificially inflated during the Class Period, and that when OZK announced at the end of the Class Period that it had charged off the South Carolina and North Carolina Loans, the price of OZK stock declined, thereby damaging the Class Members.

On August 20, 2019, Defendants filed a motion to dismiss the Amended Complaint. ECF 38. Lead Plaintiff filed its opposition on October 21, 2019, and Defendants filed a reply in support of their motion to dismiss on December 5, 2019. ECF 42, 45. On April 3, 2020, Chief U.S. District Judge D.P. Marshall Jr. issued a Memorandum Opinion and Order that granted in part and denied in part Defendants' motion to dismiss. ECF 50. The Court dismissed the claims that related to the North Carolina Loan, the claims related certain unverifiable statements of opinion, and the

claims brought against Gregory McKinney (*id.* at 5, 10-11), but denied dismissal of Lead Plaintiff's §10(b) claims as they related to the South Carolina Loan (*id.* at 8-9). The Court also denied dismissal of the §20(a) claim against Gleason. *Id.* at 12.

Defendants answered the Amended Complaint on May 1, 2020, denying all material surviving allegations of the Amended Complaint and asserting multiple defenses. ECF 56. Among other things, Defendants contend that they made no false or misleading statements or omissions, and that they made full and accurate disclosures of all information required to be disclosed by law. *Id.* at 82. Defendants also contend that Lead Plaintiff is unable to meet its burden to prove scienter and loss causation, and the claim for damages is speculative. *Id.* at 83-84.

Defendants also moved on April 30, 2020 to certify the motion to dismiss decision for interlocutory appeal pursuant to 28 U.S.C. §1292(b), arguing that the Eighth Circuit should clarify the pleading standard for scienter. ECF 55. Lead Plaintiff filed an opposition on May 14, 2020 (ECF 57), and Defendants filed a reply in support of their motion on May 21, 2020 (ECF 59). On August 6, 2020, the Court denied Defendants' motion, having found that "[n]o substantial ground for a difference of opinion, within the meaning of §1292(b), exists on the Court's application of settled law to this record." ECF 60 at 2.

On October 7, 2020, Lead Plaintiff moved for leave to file a second amended complaint to revive the claims as to the North Carolina Loan with supplemental allegations. ECF 65. Defendants took no position on Lead Plaintiff's proposed

amendment, but reserved their rights to seek dismissal of the amended pleadings. *Id*. at 1.  The Court granted Lead Plaintiff's motion on October 22, 2020 (ECF 71), and Lead Plaintiff filed the Second Amended Complaint for Violations of the Federal Securities Laws (ECF 72) ("Second Amended Complaint") on October 23, 2020.

On November 23, 2020, Defendants moved to dismiss the Second Amended Complaint.  ECF 76.  Lead Plaintiff opposed the motion on December 23, 2020 (ECF 80), and Defendants filed their reply in support of the motion on January 14, 2021 (ECF 81).  The parties simultaneously briefed Lead Plaintiff's motion to partially lift the PSLRA's discovery stay to permit Lead Plaintiff to pursue discovery concerning those allegations that the Court had already upheld upon considering Defendants' first motion to dismiss.  ECF 77-79.  On January 29, 2021, the Court partially granted Defendants' motion to dismiss, again dismissing the allegations related to the North Carolina Loan, but denied it as to the South Carolina Loan.  ECF 82.  The Court further denied as moot Lead Plaintiff's motion to partially lift the PSLRA discovery stay.  *Id*.

Defendants answered the Second Amended Complaint on February 11, 2021, again denying all material surviving allegations of the Second Amended Complaint and asserting the same defenses as they had previously.  ECF 84.

On July 30, 2021, Lead Plaintiff moved to certify the class.  ECF 98. Defendants took document and deposition testimony from Lead Plaintiff and its expert.  On November 12, 2021, Defendants filed a non-opposing response to Lead

Plaintiff's motion.   ECF 110.   Lead Plaintiff filed its reply to Defendants' non-opposing response on November 19, 2021.   ECF 113.   On December 30, 2021, the Court granted Lead Plaintiff's motion and certified the Class.   ECF 120.

The Settling Parties conducted extensive fact and expert discovery, including depositions, the production and review of documents, and the exchange of expert reports.

On February 4, 2022, Defendants moved for summary judgment and to exclude the testimony of one of Lead Plaintiff's experts.   ECF 122, 125, 126.   On March 21, 2022, Lead Plaintiff filed its oppositions to Defendants' motions.   ECF 174, 176-178. At the time this Settlement was reached, Defendants had not filed their replies in support of their motions, the deadlines for which were stayed pending settlement negotiations, and the motions remained pending.

Regarding settlement negotiations, on April 19, 2022, the Settling Parties participated in a voluntary confidential mediation.   The mediation was preceded by submission and exchange of mediation materials by the Settling Parties.   The Settling Parties engaged in arm's-length, good-faith negotiations, but did not reach a settlement that day.   After further consideration and settlement discussions following the mediation, the Settling Parties reached an agreement-in-principle to resolve the Litigation on April 21, 2022.   This agreement-in-principle contemplated full releases of liability in return for a cash payment of $45 million for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by

the Court.  This Stipulation (together with the Exhibits hereto) reflects the final and binding agreement, and a compromise of all matters that are in dispute, between the Settling Parties.

## II.    DEFENDANTS' DENIALS OF LIABILITY

Defendants have denied, and continue to deny, that they violated the federal securities laws or any laws and maintain that their conduct was at all times proper and in compliance with all applicable law.  Defendants have denied, and continue to deny, each and all of the claims and contentions alleged or that could have been alleged by Lead Plaintiff in the Litigation, as well as any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Among other things, Defendants expressly have denied, and continue to deny, that: they made any false or misleading statements or omissions; any allegedly false or misleading statement during the Class Period was made with scienter; the price of OZK common stock was artificially inflated; any Class Member, including Lead Plaintiff, has suffered any damages; or any Class Member, including Lead Plaintiff, was harmed by any conduct alleged in the Litigation or that could have been alleged therein.  Defendants maintain that their conduct was proper and that they have meritorious defenses to all claims alleged in the Litigation.

Nonetheless, taking into account the uncertainty, risks, costs, and distraction inherent in any litigation, especially in complex cases such as this Litigation, Defendants have determined that it is desirable and beneficial that the Litigation be

settled in the manner and upon the terms and conditions set forth in this Stipulation. As set forth below, neither the Settlement itself nor any of the terms of this Stipulation shall be construed or deemed to be evidence of or constitute an admission, concession, or finding of any fault, liability, wrongdoing, or damages whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted in the Litigation.

## III.   LEAD PLAINTIFF'S CLAIMS AND THE BENEFITS OF SETTLEMENT

Lead Plaintiff and Class Counsel believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims asserted therein.   However, Lead Plaintiff and Class Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation through trial and through appeals.  Lead Plaintiff and Class Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in this Litigation.  Lead Plaintiff and Class Counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation.  Lead Plaintiff and Class Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class.  Based on their own investigation and evaluation, Lead Plaintiff and Class Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiff and the Class.

## IV.   TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between Lead Plaintiff (on behalf of itself and the Class Members) and Defendants, by and through their respective counsel that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties from the Settlement, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice upon and subject to the terms and conditions of this Stipulation, as follows:

### 1.   Definitions

The following terms, when capitalized, have the meanings specified below when used in this Stipulation:

1.1   "Authorized Claimant" means any Class Member who submits a valid Claim to the Claims Administrator that is approved by the Claims Administrator or Court for payment from the Net Settlement Fund.

1.2   "Claim(s)" means a paper claim submitted on a Proof of Claim and Release form, substantially in the form attached hereto as Exhibit A-2, or an electronic claim that is submitted to the Claims Administrator.

1.3   "Claimant" means any person who submits a Claim to the Claims Administrator.

1.4   "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.5    "Class" means all Persons who purchased or otherwise acquired the common stock of Bank OZK between February 19, 2016 and October 18, 2018, inclusive.   Excluded from the Class are: (i) defendant Bank OZK, its parents, subsidiaries, and any other entity owned or controlled by Bank OZK; (ii) defendant George Gleason; (iii) all other executive officers and directors of Bank OZK, or any of its parents, subsidiaries, or other entities owned or controlled by Bank OZK; (iv) all immediate family members of the foregoing individuals, including grandparents, parents, spouses, siblings, children, grandchildren, and step relations of similar degree; and (v) all predecessors and successors in interest or assigns of any of the foregoing.   Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requested exclusion in accordance with the requirements set by the Court in connection with the Settlement.

1.6    "Class Counsel" means the law firm of Robbins Geller Rudman & Dowd LLP.

1.7    "Class Member" or "Member of the Class" means a Person who falls within the definition of the Class as set forth in ¶1.5 above.

1.8    "Class Period" means the period between February 19, 2016 and October 18, 2018, inclusive.

1.9    "Defendants" mean Bank OZK and George Gleason.

1.10    "Defendants' Counsel" means Gibson, Dunn & Crutcher LLP and Kutak Rock LLP.

1.11 "Effective Date," or the date upon which this Settlement becomes "Effective," means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.12 "Escrow Agent" means Robbins Geller Rudman & Dowd LLP and its successor(s).

1.13 "Fee and Expense Application" means the application or applications for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. The Fee and Expense Application may include a request for reimbursement of Lead Plaintiff's time and expenses (including lost wages) incurred in representing the Class, as provided in 15 U.S.C. §78u-4(a)(4).

1.14 "Fee and Expense Award" means the Court's award of attorneys' fees and expenses and interest thereon to Class Counsel to be paid from the Settlement Fund.

1.15 "Final" means, with respect to any order or Judgment of the Court, that such order or Judgment represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage of time for seeking appellate review, without action. Without limitation, an order or Judgment becomes final when:

(a) either no appeal therefrom has been filed and the time has passed for any notice of appeal to be timely filed therefrom; or (b) an appeal has been filed and either (i) the court of appeals has either affirmed the order or Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (ii) a higher court has granted further appellate review and that court has either affirmed the underlying order or judgment or affirmed the court of appeals' decision affirming the judgment or dismissing the appeal.  For purposes of this paragraph, an "appeal" shall include any motion for reconsideration, petition for rehearing or rehearing *en banc*, or petition for a writ of *certiorari* or other writ that may be filed in connection with approval or disapproval of this Settlement.  Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs, or expenses, (ii) the Plan of Allocation (as submitted or subsequently modified), or (iii) the procedures for determining Authorized Claimants' recognized Claims, shall not in any way delay, affect, or preclude the Judgment from becoming Final.

1.16  "Judgment" means the Final Judgment Approving Class Action Settlement to be rendered by the Court, substantially in the form attached hereto as Exhibit B, as well as any form of final judgment that may be entered by the Court in a form other than the form attached hereto as Exhibit B and where none of the Settling Parties elects to terminate this Settlement by reason of such variance, consistent with the terms of this Stipulation.

1.17   "Lead Plaintiff" means Strathclyde Pension Fund.

1.18   "Lead Plaintiff's Counsel" means all counsel who have appeared in the Litigation on behalf of Lead Plaintiff, including Class Counsel and Liaison Class Counsel.

1.19   "Litigation" means the action captioned *Strathclyde Pension Fund v. Bank OZK, et al.*, No. 4:18-cv-00793-DPM, pending in the United States District Court for the Eastern District of Arkansas.

1.20   "Liaison Class Counsel" means Carney Bates & Pulliam, PLLC.

1.21   "Net Settlement Fund" means the Settlement Fund less: (i) any Court-awarded attorneys' fees, expenses, and interest thereon; (ii) Notice and Administration Expenses (defined in ¶2.9 below); (iii) Taxes and Tax Expenses (defined in ¶2.11(c) below); and (iv) other Court-approved deductions.

1.22   "Person(s)" means an individual, corporation (including all divisions and subsidiaries thereof), limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and all of their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees when acting in their capacity as such.

1.23   "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of this Stipulation and the Released Defendant Parties shall not have any responsibility or liability with respect thereto.

1.24   "Proof of Claim and Release" means the Proof of Claim and Release Form for submitting a Claim that a Class Member must complete and submit should that Class Member seek to share in a distribution of the Net Settlement Fund.  The Proof of Claim and Release shall be substantially in the form attached hereto as Exhibit A-2, subject to approval of the Court.

1.25   "Released Claims" means any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims (as defined in ¶1.35 hereof), whether arising under federal, state, local, common or foreign law, that (i) Lead Plaintiff or any other Member of the Class asserted in the Second Amended Complaint or could have asserted in any forum that arise out of or relate in any way to the allegations, transactions, facts, matters, alleged misrepresentations, or alleged omissions involved, set forth, or referred to in the Second Amended Complaint against any of the Released Defendant Parties, and (ii) relate to the purchase or acquisition of OZK common stock during the Class Period.  The Released Claims shall not release or impair:  (i) any claims by Defendants for insurance coverage; (ii) any derivative claims asserted by or on behalf of OZK's shareholders; (iii) any claims relating to the enforcement of the Settlement; or (iv) any claims of any

person or entity who or which submits a request for exclusion that is accepted by the Court.

1.26 "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Lead Plaintiff, Lead Plaintiff's Counsel or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

1.27 "Released Defendant Party" or "Released Defendant Parties" means each and all of Defendants, and all of their current and former insurance carriers, indemnifiers, reinsurers, parents, affiliates, subsidiaries, divisions, controlling shareholders, joint ventures, related or affiliated entities, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, heirs, principals, trusts, executors, administrators, members, representatives, estates, estate managers, advisors, bankers, consultants, experts, accountants, auditors, employees, immediate family members, and attorneys (including Defendants' Counsel), in their capacities as such, and any entity in which any Defendant has or had a controlling interest.  The Released Defendant Parties other than the Defendants themselves are intended as third party beneficiaries of this Settlement with respect to the release of the Released Claims.

1.28   "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means each and every Class Member, Lead Plaintiff, Class Counsel, Lead Plaintiff's Counsel, and each of their current and former insurance carriers, indemnifiers, reinsurers, parents, affiliates, subsidiaries, divisions, controlling shareholders, joint ventures, related or affiliated entities, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, heirs, principals, trusts, executors, administrators, members, representatives, estates, estate managers, advisors, bankers, consultants, experts, accountants, auditors, employees, immediate family members, and attorneys (including Lead Plaintiff's Counsel), in their capacities as such, and any entity in which Lead Plaintiff has or had a controlling interest.  Releasing Plaintiff Parties does not include any Person who would otherwise be a Member of the Class but for having validly and timely excluded himself, herself, or itself therefrom.

1.29   "Settlement" means the resolution of the Litigation in accordance with the terms and provisions of this Stipulation.

1.30   "Settlement Amount" means Forty-Five Million U.S. Dollars (U.S. $45,000,000.00) to be paid by check or wire transfer to the Escrow Agent pursuant to ¶2.2 of this Stipulation.

1.31   "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

1.32   "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.33   "Settling Parties" means, collectively, Defendants and Lead Plaintiff, on behalf of itself and the Class.

1.34   "Tax" or "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes.

1.35   "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Releasing Plaintiff Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Releasing Plaintiff Parties.  With respect to (a) any and all Released

Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against the Releasing Plaintiff Parties, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Defendants shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Defendants shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Releasing Plaintiff Parties and Defendants acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the

Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Defendants shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against the Releasing Plaintiff Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall

be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## 2.    The Settlement

2.1    The obligations incurred pursuant to the Stipulation are: (a) subject to approval by the Court and the Judgment, reflecting such approval, becoming Final; and (b) in full and final disposition of the Litigation and any and all Released Claims and Released Defendants' Claims upon and subject to the terms and conditions set forth herein.

### a.    The Settlement Amount

2.2    In full and final settlement of the claims asserted in the Litigation and in consideration of the releases specified in ¶¶4.1-4.4 herein, Defendants shall cause the Settlement Amount to be paid by check or wire transfer within the later of either (i) fifteen (15) calendar days after Lead Plaintiff's filing of the Motion for Preliminary Approval of Settlement or (ii) twenty (20) calendar days after Lead Plaintiff provides to Defendants all of the information necessary to effectuate a payment of funds, including a completed W-9 for the Settlement Fund, all necessary wire transfer instructions, check payee and address information, and the identity of individuals who can provide verbal confirmations as needed ("Payment Date").   The Settlement Amount shall be deposited in a segregated escrow account (the "Escrow Account") maintained by the Escrow Agent.   Lead Plaintiff shall have the right to terminate the

Settlement in the event that the Settlement Amount has not been deposited in the Escrow Account by the deadline set forth in this ¶2.2, if Lead Plaintiff provides written notice that the deposit is past due and Defendants do not cure the failure within two (2) business days.

2.3    Other than the obligation to pay or cause to be paid the Settlement Amount into the Settlement Fund set forth in ¶2.2 herein, the Released Defendant Parties shall have no responsibility, liability or obligation whatsoever to anyone with respect to: (i) the Settlement Fund, the Net Settlement Fund or the Escrow Account; (ii) any act, omission, or determination by Class Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (iii) the management, investment, allocation, use, disbursement, administration or distribution of the Settlement Fund; (iv) the Plan of Allocation; (v) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (vi) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vii) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

2.4    Other than the obligation to pay or cause the payment of the Settlement Amount into the Settlement Fund in accordance with the terms of ¶2.2, Defendants

shall have no further or other liability or obligation to the Releasing Plaintiff Parties with respect to the Released Claims, except as expressly stated herein.

### b.  The Escrow Agent

2.5    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.2 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Defendant Parties shall have no responsibility for or liability or obligation whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for the actions of the Escrow Agent.

2.6    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the prior written agreement of Defendants' Counsel.  The Escrow Agent shall not disburse any amount from the Settlement Fund until after the Court has granted preliminary approval of the Settlement.

2.7     Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation.  The Released Defendant Parties shall have no responsibility, liability or obligation whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for any transaction executed by the Escrow Agent.

2.8     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds are either distributed or returned pursuant to this Stipulation and/or further order(s) of the Court.

2.9     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, upon the Court's entry of the Preliminary Approval Order, Class Counsel may pay from the Settlement Fund, without further approval from Defendants and/or order of the Court, up to $500,000, for the actual costs of notice and related administration expenses, including reasonable costs and expenses actually incurred in connection with providing notice of the Settlement by mail, publication, and other means, locating potential Class Members, assisting with the submission of Claims, processing Proof of Claim and Release forms, administering the Settlement, and paying escrow taxes, fees and costs, if any ("Notice and Administration Expenses").

2.10    It shall be Class Counsel's responsibility to disseminate the Notice (as defined in ¶3.1 below), Proof of Claim and Release, and Summary Notice (as defined in ¶3.1 below) to potential Class Members in accordance with this Stipulation and as ordered by the Court.  The Released Defendant Parties shall have no responsibility, liability or obligation whatsoever with respect to the notice process or the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto, including any claims that may arise from any failure of the notice process.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for any acts, omissions, or determinations made in the notice process and any Notice and Administration Expenses.

### c.    Taxes

2.11    The Settling Parties agree as follows:

(a)    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1, and the regulations promulgated thereunder, and agree not to take any position for Tax purposes inconsistent therewith.  The Settling Parties and the Escrow Agent further agree that the Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treas. Reg. §1.468B-1(c)(1).  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.11, including the "relation-back

election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treas. Reg. §1.468B-2(k)(3)) shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the elections described in ¶2.11(a) hereof) shall be consistent with this ¶2.11 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.11(c) hereof.

(c)     All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned by the Settlement Fund for any period after the deposit of the Settlement Amount and during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and

(ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.11 (including, without limitation, reasonable expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.11) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events, the Released Defendant Parties and their counsel shall have no responsibility, liability or obligation whatsoever for the Taxes or the Tax Expenses.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court.  The Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay any Taxes and Tax Expenses, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)).  Neither the Released Defendant Parties nor their counsel are responsible nor shall they have any liability or obligation whatsoever for any Taxes or Tax Expenses.  The Settling Parties hereto agree to provide commercially reasonable cooperation to the Escrow Agent, each other, and their tax

attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.11.

2.12   This is not a claims-made settlement.   As of the Effective Date, the Released Defendant Parties, and/or any other Person funding the Settlement on their behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason other than if the Settlement is terminated pursuant to the terms identified in ¶7.4 herein, and shall not have any liability should Claims made exceed the amount available in the Settlement Fund for payment of such Claims.   The Released Defendant Parties shall not be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for the payment of Claims, Taxes and Tax Expenses, legal fees, or any other expenses payable from the Settlement Fund.

### d.   Termination of Settlement

2.13   In the event that this Stipulation is not approved or the Settlement is not approved, or is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, or otherwise does not become Final, the Settlement Fund less Notice and Administration Expenses and Taxes or Tax Expenses paid, incurred, or due and owing pursuant to ¶¶2.9 and 2.11 hereof in connection with the Settlement provided for

herein, shall be refunded pursuant to written instructions from Defendants' Counsel in accordance with ¶7.5 herein.

### 3.     Preliminary Approval Order and Settlement Hearing

3.1     Promptly, and no later than three (3) business days after execution of this Stipulation, Class Counsel shall file this Stipulation together with its Exhibits with the Court and shall move for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice ("Summary Notice"), substantially in the forms of Exhibits A-1 and A-3 attached hereto.  Defendants will not oppose the motion.  The Notice shall include the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application (defined in ¶6.1 below), and the date of the Settlement Hearing (which will be set by the Court in the Preliminary Approval Order).

3.2     It shall be solely Class Counsel's responsibility to disseminate the Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court.  Class Members shall have no recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any failure of the notice process.

3.3    No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq*. ("CAFA") on the appropriate Federal and State officials.  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of the CAFA.  In the motion for preliminary approval of the settlement, Class Counsel shall request that, after the Notice and Summary Notice to the Class is given and not earlier than ninety (90) calendar days after the later of the dates on which the appropriate Federal and State officials are provided with notice pursuant to the CAFA, the Court hold the Settlement Hearing and approve the Settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Class Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application (defined in ¶6.1 below).

### 4.    Releases

4.1    Upon the Effective Date, Lead Plaintiff shall, and each and every Releasing Plaintiff Party shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Claims (including Unknown Claims) against each and every one of the Released Defendant Parties, and

shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute, or maintaining in any court of law or equity, arbitration tribunal, or administrative forum any and all of the Released Claims against any and all of the Released Defendant Parties, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund.  Claims to enforce the terms of this Stipulation are not released.

4.2     Any Proof of Claim and Release that is executed by Class Members shall release all Released Claims against the Released Defendant Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3     Upon the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Releasing Plaintiff Parties.  Claims to enforce the terms of this Stipulation are not released.

4.4     By entering into this Stipulation, Lead Plaintiff represents and warrants that it has not assigned, hypothecated, conveyed, transferred, or otherwise granted or given any interest in the Released Claims to any other person or entity, and the Defendants represent and warrant that they have not assigned, hypothecated, conveyed, transferred, or otherwise granted or given any interest in the Released Defendants' Claims to any other person or entity.

4.5     The Settlement will not be conditioned upon the obtaining of or any judicial approval of any releases between or among the Released Defendant Parties and/or any third parties.

**5.      Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of Class Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate the Claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.   The Released Defendant Parties and Defendants' Counsel shall have no responsibility, liability or obligation whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to the Releasing Plaintiff Parties, including Lead Plaintiff, any other Class Members, or Lead Plaintiff's Counsel, in connection with such administration, including, but not limited to: (i) any act, omission, or determination by Class Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management or investment of the Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any losses suffered by, or

fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.  The Released Defendant Parties and Defendants' Counsel shall have no involvement in reviewing or challenging claims.

5.2     The Settlement Fund shall be applied as follows:

(a)     to pay all Notice and Administration Expenses;

(b)     to pay the Taxes and Tax Expenses;

(c)     to pay attorneys' fees and expenses of Lead Plaintiff's Counsel and to pay any award to Lead Plaintiff for its reasonable costs and expenses (including lost wages) pursuant to 15 U.S.C. §78u-4(a)(4), if and to the extent allowed by the Court (the "Fee and Expense Award"); and

(d)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as provided by this Stipulation, the Plan of Allocation, or the orders of the Court.

5.3     After the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the provisions of this Stipulation.

5.4     Within ninety (90) calendar days after (a) the mailing of the Notice, or (b) such other time as may be set by the Court, each Class Member who seeks to

receive any payment pursuant to the terms of this Stipulation shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

5.5     Except as provided herein or otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will, in all other respects, be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment, and will forever be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.  Notwithstanding the foregoing, Class Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel, the Claims Administrator or any Class Member by reason of the exercise or non-exercise of such discretion.

5.6     Each Proof of Claim and Release shall be submitted to and reviewed by the Claims Administrator, under the supervision of Class Counsel, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation,

the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to ¶5.8 below.

5.7     Proof of Claim and Release forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Proof of Claim and Release in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Proof of Claim and Release submitted.   The Claims Administrator, under the supervision of Class Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of ¶5.8 below.

5.8     If any Claimant whose timely Claim has been rejected in whole or in part for a curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶5.7 above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise

resolved, Class Counsel shall thereafter present the Claimant's request for review to the Court.

5.9 Each Class Member who declines to be excluded from the Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the Released Claims, including, but not limited to, all releases provided for herein and in the Judgment, and, to the extent applicable, any Claim submitted by such Claimant, which will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Class Member and the validity and amount of the Claimant's Claim. In connection with processing the Proofs of Claim and Release, no discovery shall be allowed on the merits of the Litigation or the Settlement. All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not, in any event, delay or affect the finality of the Judgment. All Class Members, Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

5.10 Following the Effective Date, the Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. No distributions will be

made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the distribution of the Net Settlement Fund, the Claims Administrator at Class Counsel's direction shall, if feasible, redistribute such balance among Authorized Claimants who negotiated the checks sent in the initial distribution and who would receive a minimum of $10.00.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*.  Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to an appropriate non-sectarian, non-profit charitable organization(s) unaffiliated with any party or their counsel serving the public interest selected by Class Counsel.

5.11   The Released Defendant Parties shall have no responsibility, liability or obligation whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection with any of the foregoing.  No Person shall have any claim of any kind against the Released Defendant Parties with respect to the matters set forth in ¶¶5.1-5.13 hereof; and the Releasing Plaintiff Parties release the Released Defendant Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

5.12 No Person shall have any claim against the Released Defendant Parties, Lead Plaintiff, Lead Plaintiff's Counsel or the Claims Administrator, or any other Person designated by Class Counsel based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.13 It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation.

## 6.    Lead Plaintiff's Counsel's Attorneys' Fees and Expenses

6.1 Class Counsel may submit an application or applications (the "Fee and Expense Application") on behalf of all Lead Plaintiff's Counsel for distribution from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest earned on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. An application for fees

and expenses may include a request for reimbursement of Lead Plaintiff's reasonable costs and expenses in connection with its representation of the Class pursuant to 15 U.S.C. §78u-4(a)(4). Class Counsel reserves the right to make additional applications for fees and expenses incurred.

6.2     The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court. Defendants shall take no position with respect to Lead Plaintiff's Counsel's or Lead Plaintiff's fee and expense requests. Any fees and expenses, as awarded by the Court, shall be paid to Class Counsel from the Settlement Fund, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof. Class Counsel may thereafter allocate the attorneys' fees among Lead Plaintiff's Counsel in a manner in which it in good faith believes reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3     In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or this Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Class Counsel, including its respective partners and/or shareholders, and such other Lead Plaintiff's

Counsel, including their law firms, partners, and/or shareholders, and Lead Plaintiff who have received any portion of the Fee and Expense Award shall, within five (5) business days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund all such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned by the Settlement Fund in an amount consistent with such reversal, modification, cancellation or termination, and such fees and expenses shall be returned to the Settlement Fund in accordance with ¶7.5 hereof.  Any refunds pursuant to this ¶6.3 shall be the several obligation of Lead Plaintiff's Counsel, including their law firms, partners, and/or shareholders, and Lead Plaintiff that received fees or expenses to make appropriate refunds or repayments to the Settlement Fund.  Each such Lead Plaintiff's Counsel or Lead Plaintiff receiving an award of fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that (a) such Person and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and (b) are severally liable for the full amount of all fees, expenses, and/or costs paid to them from the Settlement Fund together with the interest paid thereon.  Without limitation, Lead Plaintiff's Counsel, Lead Plaintiff and its partners, shareholders, and/or members agree that the Court may, upon application of Defendants and notice to Lead Plaintiff's Counsel, summarily issue orders, including, but not limited to, judgments and attachment

orders, and may make appropriate findings of or sanctions for contempt, should such law firms or their partners, shareholders, or members fail to timely repay fees and expenses pursuant to this paragraph.

6.4     The procedure for and the allowance or disallowance by the Court of any applications by any Lead Plaintiff's Counsel for attorneys' fees and expenses to be paid out of the Settlement Fund is not part of the Settlement set forth in this Stipulation, and is to be considered by the Court separate and apart from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement.  The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Lead Plaintiff, Class Counsel, or Lead Plaintiff's Counsel, nor any appeals from such awards.  Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Litigation set forth therein, or any other orders entered pursuant to the Stipulation of Settlement.

6.5     Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.  With the sole exception of Defendants' obligation to pay or cause the Settlement Amount to be paid into the Escrow Account as provided for in ¶2.2, the Released Defendant Parties shall have no responsibility for, and no liability

whatsoever with respect to, any payment of attorneys' fees and/or expenses (including Taxes) to Lead Plaintiff's Counsel, or any other counsel or Person who receives payment from the Settlement Fund.

6.6    The Released Defendant Parties shall have no responsibility for, and no liability or obligation whatsoever with respect to, the allocation among Lead Plaintiff's Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

6.7    The Released Defendant Parties shall have no responsibility for, and no liability or obligation whatsoever with respect to, any attorneys' fees, costs, or expenses (including Taxes) incurred by or on behalf of any Class Member, whether or not paid from the Escrow Account.

6.8    If provided in the Preliminary Approval Order, Class Counsel shall be entitled to provisional reimbursement of 75% of their litigation expenses and charges, subject to Class Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund plus interest earned thereon if, and when, as a result of any order, the Fee and Expense Award is lower than that amount.

**7.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1    The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a)    execution of this Stipulation;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with ¶2.2;

(c)     the Court has entered the Preliminary Approval Order, or an order substantially in the form of Exhibit A attached hereto or as may be subsequently agreed to by the Settling Parties per ¶7.3 below, directing notice to the Class, as required by ¶3.1 hereof;

(d)     no Settling Party has exercised its option to terminate the Stipulation pursuant to ¶7.4 hereof;

(e)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto or as may be subsequently agreed to by the Settling Parties per ¶7.3 below; and

(f)     the Judgment has become Final, as defined in ¶1.15 hereof.

7.2     Upon the Effective Date, any and all remaining interest or right of the Defendants and any other Persons who contributed to the Settlement Fund in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  The Released Defendant Parties shall not have any liability, obligation, or responsibility for the payment of Claims, any Fee and Expense Award, Notice and Administration Expenses, Taxes and Tax Expenses, legal fees, or any other expenses payable from the Settlement Fund.  If the conditions specified in ¶7.1 hereof are not met, then the Settlement shall be canceled and terminated subject to ¶¶7.5-7.7 hereof unless the Settling Parties mutually agree in writing to proceed with the Settlement.  For

avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Class Counsel or expenses to Lead Plaintiff shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.3    In the event that the Court indicates that the Settling Parties must modify the Stipulation, Notice, Summary Notice, Proof of Claim and Release, or Judgment as a condition to entering the Preliminary Approval Order or Judgment, then the Settling Parties agree to work together in good faith to determine whether they can agree to such modifications.  Nothing in this paragraph shall limit the right of the Settling Parties to terminate the Settlement and this Stipulation under ¶7.4.

7.4    Each of Lead Plaintiff and Defendants shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within fourteen (14) calendar days of: (a) the Court's refusal to enter an order preliminarily approving the Settlement and/or permitting Notice of the Settlement to Class Members; (b) the Court's refusal to approve the Settlement; (c) the Court's refusal to enter the Judgment; (d) the date upon which the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, or otherwise does not become Final; or (e) the failure of the Effective Date to occur for any reason.  Defendants shall have the right to terminate the Settlement and this

- 42 -

Stipulation and render it null and void in the event that Persons who would otherwise be Members of the Class who purchased or otherwise acquired more than a certain number of shares of OZK common stock subject to this Settlement exclude themselves from the Class, as set forth in a separate agreement (the "Supplemental Agreement") executed between Lead Plaintiff and Defendants, by and through their counsel.   The Settling Parties agree to maintain the confidentiality of the Supplemental Agreement, which is being executed concurrently herewith.   The Supplemental Agreement shall not be filed with the Court unless and until the Court requires the Settling Parties to file the Supplemental Agreement or disclose its terms. If submission of the Supplemental Agreement is ordered by the Court, the Settling Parties will seek to have the Supplemental Agreement submitted to the Court *in camera* or filed under seal, but such disclosures shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the termination threshold.

      7.5    Unless otherwise ordered by the Court, in the event this Stipulation is not approved or this Stipulation or the Settlement is terminated, or canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, or otherwise does not become Final, within seven (7) calendar days after written notification of such event is sent by Defendants' Counsel or Class Counsel to the Escrow Agent, the Settlement Fund

(including accrued interest), less Taxes, Tax Expenses, and up to $500,000 for actual Notice and Administration Expenses that have either been disbursed pursuant to ¶¶2.9 and/or 2.11 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.9 and/or 2.11 hereof, shall be refunded by the Escrow Agent to the Persons who contributed to the Settlement Fund pursuant to written instructions from Defendants' Counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund to the same Persons pursuant to written instructions from Defendants' Counsel.

7.6     In the event that this Stipulation is not approved or this Stipulation or the Settlement is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, the Settling Parties shall be restored to their respective positions in the Litigation as of April 21, 2022.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.35, 2.7-2.9, 2.11-2.13, 6.3, 7.5-7.7, 8.1, and 9.7 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or any Fee and Expense Award shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of this Stipulation.

7.7    If the Effective Date does not occur, or if this Stipulation is terminated pursuant to its terms, neither Lead Plaintiff nor Lead Plaintiff's Counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.9 or 2.11.  In addition, any amounts already incurred pursuant to ¶¶2.9 or 2.11 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of this Stipulation prior to the balance being refunded in accordance with ¶¶2.13 and 7.5 hereof.

7.8    Each of the Defendants warrants and represents that neither is "insolvent" within the meaning of 11 U.S.C. §101(32) as of the time this Stipulation is executed. In the event that a final order of a court of competent jurisdiction, not subject to any further proceedings, determines that the transfer of the Settlement Amount or any portion thereof, by or on behalf of any Defendant, is a preference, voidable transfer, fraudulent transfer or similar transaction under Title 11 of the United States Code (Bankruptcy) or applicable state law, and any portion thereof that is required to be refunded is not promptly deposited in the Settlement Fund by or on behalf of any other Defendant, then, at the election of Class Counsel, as to the Defendant as to whom such order applies, the Settlement may be terminated and the releases given and the Judgment entered in favor of such Defendant pursuant to the Settlement shall be null and void.  In such instance, the releases given and the Judgment entered in favor of the other Defendant shall remain in full force and effect.  Alternatively, Class Counsel may elect to terminate the entire Settlement as to both Defendants, and all of

the releases given and Judgment entered in favor of the Defendants pursuant to the Settlement shall be null and void and Lead Plaintiff may proceed as if the Settlement were never entered into.

### 8.    No Admission of Liability

8.1    Neither the Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings, communications, drafts, documents or agreements taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall constitute or be construed as an admission by Defendants as to the merits of any allegation made in the Litigation;

(b)    shall be offered or received against Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Defendants of the truth of any allegations by Lead Plaintiff or any Member of the Class or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of Defendants or in any way referred to for any other reason as against Defendants, in

any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(c)     shall be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of liability for any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against Lead Plaintiff or any Member of the Class as evidence of any infirmity in the claims of Lead Plaintiff and the Class;

(d)     shall be offered or received against Defendants as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if this Stipulation is approved by the Court, Released Defendant Parties may refer to it to effectuate the releases granted them hereunder; and

(e)     shall be construed against Defendants, Lead Plaintiff, or the Class as evidence of a presumption, concession or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

### 9.    Miscellaneous Provisions

9.1     The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to

effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

9.2     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between the Class and the Defendants with respect to the Litigation.  The Settlement shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Judgment will contain a finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.3     Subject to the Defendants' right to deny that the claims asserted in the Litigation were meritorious, and subject to Lead Plaintiff's right to assert that the claims asserted in the Litigation were meritorious, the Settling Parties and their counsel agree not to assert in any statement made to any media representative (whether or not for attribution) that the Litigation was commenced or prosecuted by Lead Plaintiff or defended by Defendants in bad faith, nor will they deny that the Litigation was commenced and prosecuted and defended in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, the Settling Parties and their counsel shall not make any accusations of wrongful or

actionable conduct by any party concerning the prosecution, defenses and resolution of the Litigation, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.4     Released Defendant Parties may file this Stipulation and/or the Judgment from this action in any other action in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection under any applicable insurance policy.  The Settling Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment.  All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

9.5     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.6     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms

of this Stipulation and the terms of any Exhibit attached hereto, the terms of this Stipulation shall control.

9.7    This Stipulation, along with its Exhibits, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.8    This Stipulation, the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Settling Parties.  Each Settling Party expressly disclaims any reliance on any representations, warranties, or inducements concerning this Stipulation, its Exhibits, or the Supplemental Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.

9.9    Except as otherwise provided herein, or otherwise agreed to in writing by the parties hereto, each party shall bear his, her, or its own fees and costs.

9.10   Class Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class which it deems appropriate.

9.11   Each counsel or other Person executing this Stipulation, its Exhibits, or any related Settlement document, on behalf of any party hereto hereby warrants that such Person has the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

9.12   This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or pdf'd via e-mail shall be deemed originals.

9.13   All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (i) when delivered personally to the recipient, (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (iii) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

If to Lead Plaintiff or to Class Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101

If to Defendants or to Defendants' Counsel:

GIBSON, DUNN & CRUTCHER LLP
JASON J. MENDRO
1050 Connecticut Ave., N.W.
Washington, D.C.  20036

KUTAK ROCK LLP
JESS ASKEW III
124 W. Capitol Ave., Suite 2000
Little Rock, AR 72201

9.14   This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

9.15   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

9.16   The waiver by one Settling Party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other Settling Party or a waiver of any other prior or subsequent breach of this Stipulation.

9.17   Pending approval of the Court of this Stipulation and its Exhibits, all non-settlement-related proceedings in this Litigation shall be stayed and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendant Parties.

9.18   This Stipulation, its Exhibits, and the Supplemental Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly

performed, in the State of Arkansas, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Arkansas without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

9.19    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

9.20    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

9.21    Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

9.22    Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated May 23, 2022.

_____
MARK SOLOMON
California Bar No. 151949
Attorney for Class Representative
Strathclyde Pension Fund
ROBBINS GELLER RUDMAN
    & DOWD LLP
JONAH H. GOLDSTEIN
ASHLEY M. PRICE
ANDREW W. HUTTON
CAROLINE M. ROBERT
HEATHER G. SCHLESIER
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
E-mail:  marks@rgrdlaw.com
            jonahg@rgrdlaw.com
            aprice@rgrdlaw.com
            dhutton@rgrdlaw.com
            crobert@rgrdlaw.com
            hschlesier@rgrdlaw.com

Class Counsel for Class Representative
Strathclyde Pension Fund

ALLEN CARNEY
Arkansas Bar No. 94122
Attorney for Lead Plaintiff Strathclyde
Pension Fund
CARNEY BATES & PULLIAM, PLLC
519 West 7th Street
Little Rock, AR  72201
Telephone:  501/312-8500
501/312-8505 (fax)
E-mail:  acarney@cbplaw.com

Liaison Counsel

KUTAK ROCK LLP
JESS ASKEW III
Arkansas Bar No. 86005
ANDREW KING
Arkansas Bar No. 2007176
FREDERICK H. DAVIS
Arkansas Bar No. 2012271
124 W. Capitol Avenue, Suite 2000
Little Rock, AR  72201
Telephone:  501/975-3000
E-mail:  jess.askew@kutakrock.com
          andrew.king@kutakrock.com
          frederick.davis@kutakrock.com

_____
JASON J. MENDRO (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
F. JOSEPH WARIN (*pro hac vice*)
LISSA M. PERCOPO (*pro hac vice*
JOSHUA M. WESNESKI (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone:  202/955-8500
E-mail: fwarin@gibsondunn.com
          jmendro@gibsondunn.com
          lpercopo@gibsondunn.com
          jwesneski@gibsondunn.com

Attorneys for Defendants Bank OZK and
George Gleason

- 55 -