# EXHIBIT B

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| STRATHCLYDE PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>vs.<br><br>BANK OZK, et al.,<br><br>     Defendants. | No. 4:18-cv-00793-DPM<br><br><u>CLASS ACTION</u><br><br>[PROPOSED] FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT<br><br>EXHIBIT B |

WHEREAS, on the ____ day of _____, 2022, this Court held a hearing to determine: (1) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation of Settlement dated May 23, 2022 (the "Stipulation") are fair, reasonable, and adequate to the Class and should be approved by the Court; (2) whether a Judgment, as provided in ¶1.16 of the Stipulation, should be entered; (3) whether the proposed Plan of Allocation should be approved; (4) whether and in what amount to award Lead Plaintiff's Counsel fees and costs, charges, and expenses; and (5) whether and in what amount to award Lead Plaintiff their costs and expenses in representing the Class;

WHEREAS, the Court has considered all matters submitted to it at the hearing and otherwise;

WHEREAS, it appears that a notice of the hearing, substantially in the form approved by the Court on _____, 2022 (the "Notice"), was provided to all individuals and entities, reasonably identifiable, who purchased or otherwise acquired Bank OZK ("OZK") common stock between February 19, 2016 and October 18, 2018, inclusive, as shown by the records provided to and compiled by the Claims Administrator in connection with its providing of the Notice, at the respective addresses set forth in such records, and that a Summary Notice of the hearing, substantially in the form approved by the Court on _____, 2022, was published pursuant to the Order Granting Preliminary Approval Pursuant to Fed. R. Civ. P. 23(e)(1) and Permitting Notice to

the Class ("Preliminary Approval Order") as set forth in the Declaration of _____, and the Supplemental Declaration of _____;

WHEREAS, the Court has considered and determined the fairness and reasonableness of the award of attorneys' fees and costs, charges and expenses requested by Lead Plaintiff's Counsel and the request for Lead Plaintiff's costs and expenses; and

WHEREAS, all capitalized terms not otherwise defined herein having the meanings set forth and defined in the Stipulation.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

2. Excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requested exclusion in connection with the Notice provided to the Class in connection with this Settlement, as identified in Exhibit A hereto.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

    (a) in light of the benefits to the Class and the complexity and expense of further litigation, the Stipulation and the Settlement described therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b) Lead Plaintiff and Lead Plaintiff's Counsel have adequately represented the Class;

(c) there was no collusion in connection with the Stipulation;

(d) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel;

(e) the relief provided for the Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Members' Claims, (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(3);

(f) the proposed Plan of Allocation treats Class Members equitably relative to each other; and

(g) the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

4. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class (identified in Exhibit A attached hereto), the Court hereby dismisses the Litigation and all Released Claims with

prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

5. The releases as set forth in ¶¶4.1-4.4 of the Stipulation (the "Releases"), together with the definitions contained in ¶¶1.1-1.35 relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date.

6. Upon the Effective Date, and as provided in ¶4.1 of the Stipulation, Lead Plaintiff shall, and each and every Releasing Plaintiff Party shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Claims (including Unknown Claims) against each and every one of the Released Defendant Parties, and shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute, or maintaining in any court of law or equity, arbitration tribunal, or administrative forum any and all of the Released Claims against any and all of the Released Defendant Parties, whether or not such Releasing Plaintiff Parties execute and deliver the Proof of Claim and Release form or share in the Net Settlement Fund. Lead Plaintiff and each Releasing Plaintiff Party are bound by this Judgment, including, without limitation, the release of claims as set forth in ¶4.1 of the Stipulation. The Released Claims are hereby compromised, settled, released, discharged, and dismissed as against the Released Defendant Parties on the merits and with prejudice by virtue of the proceedings herein and this

Judgment.  Released Claims does not include or impair: (i) any claims by Defendants for insurance coverage; (ii) any derivative claims asserted by or on behalf of OZK's shareholders; (iii) any claims to enforce the Settlement; or (iv) any claims of any person or entity who or which requested exclusion from the Class, as identified in Exhibit A hereto.

7.  Upon the Effective Date, and as provided in ¶4.3 of the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Lead Plaintiff, the Class, and Lead Plaintiff's Counsel.  Claims to enforce the terms of the Stipulation are not released.

8.  The Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses given to the Class was the best notice practicable under the circumstances, including the individual Notice to all Members of the Class who could be identified through reasonable effort.  Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the requirements of due process, and any other applicable law.  No Class Member is relieved from the

terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Members of the Class are bound by this Judgment.

9. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Separate orders shall be entered regarding approval of the Plan of Allocation and Lead Plaintiff's Counsel's application for an award of attorneys' fees and expenses.

10. Any appeal or any challenge affecting solely the approval of (a) the Plan of Allocation submitted by Lead Counsel, and/or (b) this Court's approval regarding any attorneys' fee and expense applications shall in no way disturb or affect the finality of the other provisions of this Judgment nor the Effective Date of the Settlement.

11. Neither this Judgment, the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any liability,

negligence, fault, or other wrongdoing of the Released Defendant Parties, or (b) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of the Released Defendant Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Released Defendant Parties may file the Stipulation and/or the Judgment from this Litigation in any other action in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. The Court finds that Defendants have satisfied their financial obligations under the Stipulation by paying or causing to be paid $45 million to the Settlement Fund, in accordance with ¶2.2 of the Stipulation.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over Defendants, Lead Plaintiff, and Class Members for all matters relating to the administration, interpretation, effectuation, or enforcement of the Stipulation and this Judgment, including administering and distributing Settlement proceeds to the Members of the Class.

14. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and may not be introduced as evidence or reflected in any action or proceeding by any person or entity. In such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the Litigation as of April 21, 2022, as provided in the Stipulation.

16. The Settling Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing amendments, modifications, and expansions of the Stipulation, provided that such amendments, modifications, and expansions of the Stipulation are not materially inconsistent with this Judgment, and do not materially limit the rights of the Members of the Class under the Stipulation.

17. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. This Litigation and all Released Claims are dismissed with prejudice. The parties are to bear their own costs, except as otherwise agreed to in writing by the Settling Parties or as otherwise provided in the Stipulation or this Judgment.

19. There is no reason for delay in the entry of this Judgment and the Court expressly directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: _____          _____
                                THE HONORABLE D.P. MARSHALL JR.
                                CHIEF UNITED STATES DISTRICT JUDGE