## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**STRATHCLYDE PENSION FUND,**
**Lead Plaintiff**                                                      **PLAINTIFF**

v.                                      **No. 4:18-cv-793-DPM**

**BANK OZK and GEORGE GLEASON**                     **DEFENDANTS**

### ORDER

1.     The Court certified the following class under Federal Rule of

Civil Procedure 23(b)(3):

> All persons who purchased or otherwise acquired the
> common stock of Bank OZK between 19 February 2016 and
> 18 October 2018, inclusive.  Excluded from the class are:  (i)
> defendant Bank OZK, its parents, subsidiaries, and any
> other entity owned or controlled by Bank OZK;    (ii)
> defendant George Gleason;  (iii) all other executive officers
> and directors of Bank OZK, or any of its parents,
> subsidiaries, or other entities owned or controlled by Bank
> OZK;  (iv) all immediate family members of the foregoing
> individuals, including grandparents, parents, spouses,
> siblings, children, grandchildren, and step relations of
> similar degree;  and (v) all predecessors and successors in
> interest or assigns of any of the foregoing.

*Doc. 120.*  In the same Order, the Court appointed Strathclyde Pension

Fund as class representative and its attorneys of record as class counsel.

**2.** The unopposed motion for preliminary approval of the proposed class settlement, *Doc. 193*, is granted as modified and with some caveats. The Court has reviewed the stipulation and preliminarily approves it and the settlement as fair, reasonable, and adequate, subject to further consideration at the settlement hearing.

**3.** The Court preliminarily finds that the proposed settlement should be approved because it: (i) is the result of serious, extensive arm's-length, and non-collusive negotiations; (ii) falls within a range of reasonableness warranting final approval; (iii) has no obvious deficiencies; (iv) involves a class that is not substantively different from the class previously certified by the Court; and (v) warrants notice of the proposed settlement to class members and further consideration of the settlement at the settlement hearing described below.

**4.** The Court will hold the settlement hearing at 1:30 p.m. CDT on Monday, 19 September 2022 in courtroom 1A of the Richard Sheppard Arnold United States Courthouse, 500 West Capitol Avenue, Courtroom 1A, Little Rock, AR 72201, to: (a) determine whether the proposed settlement of the litigation on the terms and conditions provided for in the stipulation is fair, reasonable, and adequate to the class and should be approved by the Court; (b) determine whether a Judgment should be entered dismissing the action with prejudice against defendants; (c) determine whether the proposed plan of allocation should be approved; (d) determine the amount of attorneys'

fees, costs, charges, and expenses that should be awarded to lead plaintiff's counsel and lead plaintiff; (e) hear any objections by class members to the settlement or plan of allocation, or to the award of attorneys' fees and expenses to lead plaintiff's counsel and lead plaintiff; and (f) consider such other matters the Court deems appropriate. The Court may change the date or time of the settlement hearing or decide to hold the settlement hearing telephonically or by videoconference without further notice to the class other than posting a notice on the website www.OZKSecuritiesClassAction.com, and may approve the proposed settlement with such modifications as the settling parties may agree to do, if appropriate, without further notice to the class.

**5.**     The Court approves the form, substance, and requirements of the notice of (I) proposed settlement and plan of allocation; (II) settlement hearing; and (III) motion for an award of attorneys' fees and litigation expenses and proof of claim and release form, substantially in the forms attached to this Order as Appendices 1 and 2, respectively.

**6.**     The Court approves the form of the summary notice of (I) proposed settlement and plan of allocation; (II) settlement hearing; and (III) motion for an award of attorneys' fees and litigation expenses, substantially in the form attached to this Order as Appendix 3.

**7.** The firm of Gilardi & Co. LLC is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

**8.** Not later than 24 June 2022, OZK shall make reasonable good faith efforts to provide or cause to be provided to the claims administrator shareholder records in its possession or under its control (consisting of the shareholder names and addresses) in electronic form identifying persons or entities who purchased or acquired OZK common stock in their own name during the class period.

**9.** Not later than 8 July 2022, the claims administrator shall cause a copy of the settlement notice and claim form, substantially in the forms attached to this Order as Appendices 1 and 2, to be mailed by first-class mail to all class members who can be identified with reasonable effort. A copy of this Order, the settlement notice, and the claim form must also be posted on the case-designated website, www.OZKSecuritiesClassAction.com. For all settlement notices returned as undeliverable, the claims administrator shall re-mail the notices at least two times and use its best efforts to locate updated addresses.

**10.** The claims administrator shall cause the summary settlement notice to be published three times in *The Wall Street Journal*, and once over a national newswire service. The newspaper notice must be published on a Monday, a Wednesday, and a weekend day. The

–4–

newspaper notice should be published with the news, not in a section dedicated solely to advertisements. The published version of the notice shall occupy at least 1/4 of a page, the bigger the better. The third date of publication shall occur no later than 7 August 2022.

**11.** Not later than 26 August 2022, class counsel shall serve on defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

**12.** The claims administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired OZK common stock during the class period (between February 19, 2016 and October 18, 2018, inclusive) as record owners but not as beneficial owners. Such nominee purchasers are directed, within ten (10) calendar days of their receipt of the settlement notice, to either forward copies of the settlement notice and claim form to their beneficial owners or to provide the claims administrator with lists of the names and addresses of the beneficial owners, and the claims administrator is ordered to send the settlement notice and claim form promptly to such identified beneficial owners.   Nominee purchasers who elect to send the settlement notice and claim form to their beneficial owners shall send a statement to the claims administrator confirming that the mailing was made as directed. Additional copies of the settlement notice shall be made available to any record holder requesting such for the purpose of

distribution to beneficial owners, and such record holders shall be reimbursed from the settlement fund, upon receipt by the claims administrator of proper documentation, for the reasonable expense of sending the settlement notice and claim form to beneficial owners. Any disputes with respect to the reasonableness or documentation of expenses incurred shall be subject to review by the Court.

**13.** The Court tentatively concludes that the form and content of the notice program described and the methods set forth in this Order for notifying the class of the settlement and its terms and conditions, including notice of the fee and expense application and the plan of allocation, meet the requirements of the Federal Rules of Civil Procedure (including Rule 23), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as added by the Private Securities Litigation Reform Act of 1995, the Rules of this Court, and other applicable law, and constitute due and sufficient notice to all persons entitled to it. The Court will revisit these tentative conclusions after the settlement administrator reports on dissemination and claims. That report is due by 12 September 2022.

**14.** All fees, costs, and expenses incurred in identifying and notifying members of the class shall be paid from the settlement fund and in no event shall any of the released defendant parties bear any responsibility, liability, or obligation for such fees, costs, or expenses.

**15.** All class members (except persons who validly and timely request exclusion in response to the settlement notice being provided pursuant to this Order) shall be bound by all determinations and judgments in the litigation concerning the settlement (including, but not limited to, the releases provided for therein) whether favorable or unfavorable to the class, regardless of whether such persons seek or obtain by any means (including, without limitation, by submitting a claim form or any similar document) any distribution from the settlement fund or the net settlement fund.

**16.** Class members who wish to participate in the settlement shall complete and submit a claim form in accordance with the instructions contained the notice. Unless the Court orders otherwise, all claim forms must be postmarked or submitted electronically no later than 6 October 2022. Any class member who files a claim form shall reasonably cooperate with the claims administrator, including by promptly responding to any inquiry made by the claims administrator. Any class member who does not submit a claim form within the time provided shall be barred from sharing in the distribution of the proceeds of the net settlement fund, unless otherwise ordered by the Court, but shall in all other respects be bound by the terms of the stipulation and by any final Judgment entered by the Court. Notwithstanding the foregoing, class counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing

by the claims administrator so long as distribution of the net settlement fund is not materially delayed. No person shall have any claim against lead plaintiff, lead plaintiff's counsel, or the claims administrator by reason of the decision to exercise such discretion whether to accept late-submitted claims.

**17.** The claim form submitted by each class member must: (i) be properly completed, signed, and submitted in a timely manner in accordance with the preceding paragraph; (ii) be accompanied by adequate supporting documentation for the transactions reported in it, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation deemed adequate by the claims administrator or class counsel; (iii) if the person executing the claim form is acting in a representative capacity, include a certification of his or her current authority to act on behalf of the claimant; (iv) be complete and contain no deletions or modifications of any of the printed matter contained in the claim form; and (v) be signed under penalty of perjury. As part of the claim form, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

**18.** Any class member who opts out of the class or otherwise has settled claims with defendants for claims arising out of the conduct

alleged in the litigation is hereby enjoined from submitting a claim form or having another person or entity submit a claim form on its behalf.

**19.** Any member of the class may enter an appearance in the litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. Any member of the class who or which does not enter an appearance will be represented by class counsel.

**20.** Any person who purchased or otherwise acquired OZK common stock during the class period may, upon request, be excluded or "opt out" of the class. Any such person must submit to the claims administrator a signed request for exclusion postmarked no later than 29 August 2022. A request for exclusion must: (i) provide the name, address, and telephone number of the person requesting exclusion; (ii) list the number of shares of OZK common stock purchased or acquired, the date of each purchase or acquisition of OZK common stock, and the price paid for any purchase or acquisition of OZK common stock between 19 February 2016 and 18 October 2018, inclusive; and (iii) state that the person wishes to be excluded from the class. A request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. All persons who submit valid and timely requests for exclusion in the manner set forth in this paragraph and the settlement notice shall have no rights under the settlement,

-9-

shall not share in the distribution of the net settlement fund, and shall not be bound by the settlement or any final Judgment.     Unless otherwise ordered by the Court any person who purchased or acquired OZK common stock during the class period who does not timely request exclusion from the class shall be deemed to have waived his, her, or its right to be excluded from the class, and shall be barred from requesting exclusion from the class in this or any other proceeding.

**21.**     Class counsel or the claims administrator shall cause to be provided to defendants' counsel copies of all requests for exclusion, and any written revocation of requests for exclusion, promptly upon receipt and as expeditiously as possible, but in no event later than five business days of receipt, and in any event, no later than 2 September 2022.

**22.**     Defendants have already served the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.*, on the proper federal and state officials, class counsel, and this Court.     *Doc. 197.* Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.

**23.**     Any member of the class may appear at the settlement hearing and object if he, she, or it has any reason why the proposed settlement of the litigation should not be approved as fair, reasonable, and adequate, why a Judgment should not be entered, why the plan of allocation should not be approved, or why attorneys' fees, together

with costs, charges, and expenses should not be awarded; provided that any such class member (or any other person) files objections and copies of any papers and briefs with the Clerk of the United States District Court for the Eastern District of Arkansas and mails copies of those objections by first-class mail to Robbins Geller Rudman & Dowd LLP, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101; Kutak Rock LLP, Jess Askew III, 124 W. Capitol Ave., Suite 2000, Little Rock, AR 72201; and to Gibson, Dunn & Crutcher LLP, Jason J. Mendro, 1050 Connecticut Avenue, N.W., Washington, D.C. 20036, no later than 29 August 2022.

Unless the Court orders otherwise for good cause, any member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed settlement as incorporated in the stipulation, to the plan of allocation, or to the award of fees, costs, charges, and expenses to lead plaintiff's counsel or lead plaintiff. Attendance at the settlement hearing is not necessary. However, persons wishing to be heard orally in opposition to the approval of the settlement, the plan of allocation, or the application for an award of fees, costs, charges, and expenses are required to indicate in their written objection their intention to appear at the hearing and to include in their written objections the identity of any witnesses they

may call to testify and copies of any exhibits they intend to introduce into evidence at the settlement hearing. Class members do not need to appear at the settlement hearing or take any other action to indicate their approval.

**24.** Any objections, filings, and other submissions by an objecting class member must: (i) state the name, address, and telephone number of the person objecting and must be signed by the objector, even if the objector is represented by counsel; (ii) contain a statement of the class members' objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the class member wishes to bring to the Court's attention and whether the objections apply only to the objector, a specific subset of the class, or to the entire class; and (iii) include documents sufficient to prove membership in the class, including the objecting class member's purchases, acquisitions, and any sales of OZK common stock during the class period, the dates, the number of shares purchased, acquired, or sold, and the price paid or received for such purchase, acquisition, or sale.

**25.** Any class member who does not object to the settlement, the plan of allocation, or class counsel's application for an award of attorneys' fees, costs, charges, and expenses in the manner prescribed in this Order and in the settlement notice shall be deemed to have waived such objection, and shall forever be foreclosed from making any

objection to the fairness, adequacy, or reasonableness of the proposed settlement, this Order, and the Judgment to be entered approving the settlement, the plan of allocation, or the application by class counsel for an award of attorneys' fees together with costs, charges, and expenses.

**26.** All funds held by the escrow agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds are either distributed or returned pursuant to the stipulation or further order of the Court.

**27.** All papers in support of the settlement, plan of allocation, and any application by lead plaintiff's counsel for attorneys' fees, costs, charges, and expenses shall be filed and served no later than 15 August 2022, and any reply papers shall be filed and served no later than 12 September 2022.

**28.** The released defendant parties shall have no responsibility, liability, or obligation for the plan of allocation or any application for attorneys' fees, costs, charges, or expenses submitted by lead plaintiff's counsel, and such matters will be considered by the Court separately from the fairness, reasonableness, and adequacy of the settlement. Any order or proceeding relating solely to the plan of allocation or any application for attorneys' fees or expenses, or any appeal from any order relating solely to attorneys' fees or expenses or reversal or modification thereof, shall not operate to terminate or cancel the

stipulation, or affect or delay the finality of the Judgment and the settlement of the litigation.

**29.** At or after the settlement hearing, the Court shall determine whether the plan of allocation proposed by class counsel, and any application for attorneys' fees, costs, charges, and expenses, should be approved. The Court reserves the right to enter the Judgment finally approving the settlement regardless of whether it has approved the plan of allocation or awarded attorneys' fees or costs, charges, and expenses.

**30.** All reasonable expenses incurred in identifying and notifying class members as well as administering the settlement fund shall be paid as set forth in the stipulation. In the event the Court does not approve the settlement, or the settlement otherwise fails to become effective, neither lead plaintiff nor lead plaintiff's counsel nor the claims administrator shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶2.9 or 2.11 of the stipulation.

**31.** This Order and the stipulation (including any of their respective terms or provisions), any of the negotiations, discussions, proceedings connected with them, and any act performed or document executed pursuant to or in furtherance of the stipulation or the settlement or this Order, may not be construed as an admission or concession by the released defendant parties of the truth of any of the

-14-

allegations in the litigation, or of any liability, fault, or wrongdoing of any kind, and may not be offered or received in evidence (or otherwise used by any person in the litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal) except in connection with any proceeding to enforce the terms of the stipulation or this Order. The released defendant parties, lead plaintiff, class members, and each of their counsel may file the stipulation, or this Order, or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

**32.** All proceedings in the litigation are stayed until further order of this Court, except as may be necessary to implement the settlement or comply with the terms of the stipulation. Pending final determination of whether the settlement should be approved, neither the lead plaintiff nor any class member, either directly, representatively, or in any other capacity, shall commence or prosecute any of the released claims against any of the released defendant parties in any action or proceeding in any court or tribunal.

**33.** The Court reserves the right to change the date or time of the settlement hearing or to hold the settlement hearing via video or

telephone without further notice to class members other than posting a notice on the website www.OZKSecuritiesClassAction.com, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Class. Any modifications to the proposed settlement agreement must, at a minimum, be disclosed, filed, and, if material, approved by the Court.

**34.** If the settlement fails to become effective as defined in the stipulation or is terminated, then, in any such event, the stipulation, including any amendment or amendments to it (except as expressly provided in the stipulation, and this Order) shall be null and void, of no further force or effect, and without prejudice to any settling party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the settling parties. In any such event, the settling parties shall be deemed to have reverted to their respective litigation positions as of 21 April 2022.

So Ordered.

_NPMarshall J._

D.P. Marshall Jr.
United States District Judge

_27 June 2022_

–16–