IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

STRATHCLYDE PENSION FUND,
Lead Plaintiff                                                                    PLAINTIFF

v.                              No. 4:18-cv-793-DPM

BANK OZK and GEORGE GLEASON                          DEFENDANTS

ORDER

1.  On behalf of the class, Strathclyde requests final approval of the settlement and plan of allocation.  It also seeks fees and expenses for class counsel, as well as an incentive award for serving as lead plaintiff.  The motions are unopposed.  The Court thanks all the lawyers for their hard work in this case.  The parties' papers were done with care and vigor.

2.  The parties' settlement agreement represented the first step toward a good resolution of this long-running dispute.  The Court preliminarily approved the agreement, and the plan of allocation, a few months ago.  *Doc. 202*.  All steps required up to this point have been taken:  proper notice was given;  CAFA was complied with;  and a comprehensive first report of claims (with a supplement) was prepared by the claims administrator.  There was a full and fair opportunity for class members to object.  Not one did.  And the fairness hearing confirmed the Court's initial impression that, considering all the

material circumstances, the $45 million settlement number is fair, reasonable, and adequate. The Court has come to this conclusion after considering all the material circumstances: the merits of Strathclyde's case weighed against the terms of the settlement; the Bank OZK defendants' financial condition; the complexity (plus expense) of continued litigation; and the amount of opposition to the settlement. *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988); *In re Uponor, Inc., F1807 Plumbing Fittings Products Liability Litigation*, 716 F.3d 1057, 1063 (8th Cir. 2013). For the reasons stated at the hearing and in this Order, the Court approves the proposed settlement.

Balanced against the well-above-average settlement amount, the uncertainty surrounding Strathclyde's case weighs in favor of final approval. *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 933 (8th Cir. 2005). Securities fraud claims are famously difficult to handle. *In re Genworth Financial Securities Litigation*, 210 F. Supp. 3d 837, 844 (E.D. Va. 2016). In their motion for summary judgment, the Bank OZK defendants argued many nuanced points against the merits of Strathclyde's core fraud claim. *Doc. 125*. Having made a first review of those arguments, and Strathclyde's responses, the Court is uncertain about how it would have decided the issues presented. Loss causation is a particularly complex question here. And, even if the Court had agreed with Strathclyde and denied summary judgment, trying this case to a jury would be challenging

given the conceptual and technical complexities presented by this record. Success was not certain for either side.

The settlement puts money back in the pockets of those who lost it when Bank OZK's shares declined in value. After notice of the proposed settlement was published in *The Wall Street Journal* and through a national wire service, and mailed to almost 150,000 potential claimants, nobody has objected to the deal. Only one shareholder— M. J. Kmetzsch Jr. and Karen S. Kmetzsch, Trustees of the M. J. Kmetzsch Jr. and K. S. Kmetzsch Revocable Living Trust UA 7/9/13— requested exclusion from the class. *Doc. 215-1*. The Court has no reservations about the Bank OZK defendants' ability to pay. Given these circumstances, the settlement is the best way for the class to achieve a certain recovery. *Keil v. Lopez*, 862 F.3d 685, 693–98 (8th Cir. 2017).

3.   The Court has relied on Strathclyde's experienced counsel, and their expert's detailed statistical computations, to conclude that the plan of allocation is fair and reasonable. *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 326 (3d Cir. 2011) (internal quotations omitted); *White v. National Football League*, 822 F. Supp. 1389, 1420–21 (D. Minn. 1993), *affirmed*, 41 F.3d 402 (8th Cir. 1994). The plan's tiered approach corresponds to the available proof about the effects over time of Bank OZK's October 2018 corrective disclosure. *Compare Doc. 195-2 at 24–29 with Doc. 179-196 & 209 at 38–39*. The Court sees no indication that the

plan inequitably favors Strathclyde, any individual, or any group of class members. None of the $45 million settlement fund will revert to Bank OZK or to Gleason. There will be *pro-rata* redistributions in waves to all the claimants until the settlement fund is exhausted, or almost exhausted, with a clean-up *cy pres* distribution when further redistributions are (on balance) not justified by the expense involved. That's fair. And, again, no one has objected. The Court therefore approves the plan of allocation.

4. The Court excludes from the class M. J. Kmetzsch Jr. and Karen S. Kmetzsch, Trustees of the M. J. Kmetzsch Jr. and K. S. Kmetzsch Revocable Living Trust UA 7/9/13. That shareholder is not bound by the parties' settlement, this Order, or this Court's Judgment.

5. The Court authorizes and directs implementation of the stipulation, *Doc. 195*, which embodies the settlement. The Court incorporates in this Order all the releases contained in the stipulation, including the related definitions and the effective date. *Doc. 195 at 9-20 & 29-30*. The released defendant parties have made the $45 million payment to the escrow agent. As provided in that stipulation, Strathclyde and all class members have released the released defendant parties from all claims, known and unknown. The released defendant parties have not admitted liability or fault; they have made a good faith settlement of disputed claims. The Court incorporates and approves

the agreed limitations on future use of the fact of settlement, and of all related documents, Orders, and the Judgment. *Doc. 195 at 46-47 & 49.*

6. The Court awards all the attorney's fees and expenses requested. The Court chooses, and applies, the percentage-of-the-benefit method. *Huyer v. Buckley*, 849 F.3d 395, 399 (8th Cir. 2017). Considering the time and effort Strathclyde's lawyers put into this case, the contingent nature of the fee, the results obtained, plus the experience, reputation, and abilities of the lawyers involved, the fee request—twenty-five percent of the settlement fund—is reasonable. A cross-check of that request against the lodestar calculation reveals a multiplier of less than one, which is well within the range approved by precedent. *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 866 (8th Cir. 2017).

7. The Court approves the $30,000 incentive award to Strathclyde. This is a modest award for Strathclyde's efforts as the lead plaintiff.

8. Final Judgment will issue immediately. The Court will retain jurisdiction to oversee the settlement and to resolve any issues that might arise under the settlement or this Order. That oversight will include receiving further reports about claims administration. Supplemental reports about administration are due on 16 December 2022, 3 March 2023, 2 June 2023, and thereafter as directed by the Court.

9. The claims administrator must post this Order, as well as the accompanying Judgment, on the class website now. And copies of this Order and the accompanying Judgment must be mailed to each claimant with their first check.

\* \* \*

Motions, *Doc. 205 & 207*, granted.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

23 September 2022